IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROBINSON, et al., | CASE NO. CV F 05-1258 OWW LJO |
| Plaintiffs, | **FINDINGS AND RECOMMENDATIONS TO DISMISS PLAINTIFF DARRYL DUCHENE** |
| vs. | |
| JOHN SNOW, Secretary of the Treasury, | |
| Defendant. / | |

**INTRODUCTION**

This Court's June 21, 2006 order set an August 1, 2006 status conference at which plaintiff Darryl DuChene ("Mr. DuChene") did not appear. At the status conference, Steven L. Robinson ("Mr. Robinson"), attorney for other plaintiffs, explained that Mr. DuChene had not retained Mr. Robinson's law firm and proceeds pro se. This Court's August 2, 2006 order required Mr. DuChene, no later than August 16, 2006, to show cause in writing why this action should not be dismissed due to Mr. DuChene's failure to comply with the June 21, 2006 order, to appear at the status conference, and to otherwise prosecute this action. Mr. DuChene failed to respond to the August 2, 2006 order to show cause.

**DISCUSSION**

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with

1

these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-1441 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to obey a court order, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-1424; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as Mr. DuChene has not advanced this action by failing to participate in this action and to respond to this Court's orders. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey an order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424. This Court's October 5, 6, 8 and 27, 2005, November 14, 2005 and June

7, 2005 orders warned plaintiffs, including Mr. DuChene, that failure to comply with this Court's orders will result in recommendation to dismiss this action. Thus, Mr. DuChene received more than adequate warning that dismissal will result from failure to participate in this action and to comply with this Court's orders.

**RECOMMENDATION AND ORDER**

For the reasons discussed above, this Court:

1. RECOMMENDS to DISMISS without prejudice plaintiff Darryl DuChene from this action pursuant to this Court's Local Rule 11-110 for Darryl DuChene's failure to prosecute this action and to comply with this Court's orders; and

2. DIRECTS the clerk to serve a copy of this order on Darryl DuChene at E. Christine Ave., Fresno, CA 93727 and on Assistant U.S. Attorney Brian Enos, 2500 Tulare Street, Suite #4401, Fresno, CA 93721, and if possible, by e-mail.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304. No later than August 31, 2006, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and the magistrate judge and otherwise in compliance with this Court's Local Rule 72-304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than September 11, 2006 and otherwise in compliance with this Court's Local Rule 72-304(d). A copy of the responses shall be served on the magistrate judge. The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 17, 2006**           /s/ Lawrence J. O'Neill
66h44d                                 UNITED STATES MAGISTRATE JUDGE