IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROBINSON, DARRYL DUCHENE, TONY HAWKINS, RUDY JACKSON, PERCY McINTOSH, NICOLE WILLIAMS, TYRONE WATSON, NORMAN ALSTON and RICK SPIGHT, individually and on behalf of a class of all other persons similarly situated,<br><br>   Plaintiffs,<br><br> vs.<br><br><br><br><br><br>JOHN W. SNOW, SECRETARY, UNITED STATES DEPARTMENT OF TREASURY,<br><br>   Defendant. | CV F 05 01258 LJO WMW<br><br>STIPULATION AND ORDER TO PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL THIRD PARTY INFORMATION |

  Plaintiffs Kenneth Robinson, Tony Hawkins, Rudy Jackson, Percy McIntosh, Nicole Williams, Tyrone Watson, Norman Alston and Rick Spight ("plaintiffs") and defendant John W. Snow ("defendant"), through their counsel of record in this action, stipulate as follows:

  WHEREAS, plaintiffs seek the production of personnel files and other information from

defendant that includes information about third parties presently or previously employed by the Internal Revenue Service;

WHEREAS, such information is arguably prohibited from disclosure pursuant to the Privacy Act (5 U.S.C. §552a);

WHEREAS, the parties wish to protect the privacy rights of these third parties from unauthorized and/or unnecessary disclosure; and

WHEREAS, the parties also wish to prevent the possibility of any misuse or unnecessary disclosure of the third party information plaintiffs seek, regardless of the existence of any such privacy right;

THE PARTIES THEREFORE STIPULATE, pursuant to 5 U.S.C. §552a(b)(11) and pending further order of the Court, that the following procedures designed to ensure the protection of this third party information shall govern all forthcoming pre-trial discovery proceedings:

1. Third party personnel files, as well as all information contained therein, are hereby designated as "confidential third party information" that is privy to rights of privacy and subject to this stipulated Protective Order.

2. This confidential third party information may be shown, or its contents disclosed only to the following persons:

(a) Counsel of record in this action and counsel's agents and employees;

(b) Any expert used as a consultant or intended to be called as a witness who is retained by counsel of record to assist in the preparation and/or trial of this case; and

(c) The parties to this action and their agents and employees.  Confidential third party information designated as subject to this Protective Order shall not be disclosed or shown to any other person or entity.

3. Confidential third party information designated as subject to this stipulated Protective

Order or any information derived therefrom shall be used solely for the purpose of assisting counsel of record in connection with this litigation.

(a) The parties contemplate that "confidential third party information" may be utilized in deposition proceedings, either in the form of exhibits or through reference in the testimony of witnesses or the questioning of counsel. In such cases, either party may designate portions of the deposition "confidential". The parties agree that all pages of any deposition containing "confidential third party information" shall be bound separately, along with any exhibits subject to the protective order, and shall be subject to the provisions of this protective order. In the event a party objects to the designation of any portion of a transcript as "confidential", the party may seek court relief if good faith attempts at informal resolution prove unsuccessful.

4. The parties' respective counsel of record each agree to make all reasonable efforts to ensure compliance with this Protective Order. Any persons referred to in paragraphs 2(b) and (c) of this stipulated Protective Order who receives information designated as confidential third party information pursuant to this stipulated Protective Order shall first read a copy of this stipulated Protective Order and agree in writing to abide by the terms thereof.

5. The parties enter into this stipulated Protective Order without prejudice to any party's right to object to the disclosure of any information on any ground that it/he/she may deem appropriate, and any party or non-party may, upon motion, seek relief from, or modification of, this Protective Order based on a showing of good cause.

6. The designation of any information as "confidential third party information" pursuant to this Protective Order is intended solely to facilitate the preparation of this case for trial. No party shall be obligated to challenge the propriety of any designation by the opposing party, and a failure to do so shall not preclude a subsequent attack on the propriety of any "confidential third party information" designation.

7. If confidential third party information is improperly disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately inform the other party of all pertinent facts relating to such disclosure (including the name and address of each person to whom disclosure was made), promptly retrieve the improperly disclosed confidential third party information and shall make reasonable efforts to prevent further disclosure by said authorized person(s).

8. The parties agree that, prior to commencement of trial, they will enter into mutually agreeable stipulations and protective orders with respect to any confidential third party information to be disclosed during trial. Any unresolved disputes shall be resolved in accordance with the Federal Rules of Civil Procedure and addressed within the parties' pretrial statements. Any party intending to utilize any confidential third party information designated as confidential in a law and motion matter or at trial should lodge the document under seal so as to preserve its confidentiality pending the Court's determination regarding whether a privilege exists that precludes the use of the document or other information as evidence or determining what safeguards should be utilized if the confidential information is to be considered as evidence.

9. Upon final determination of this action, unless otherwise agreed to in writing by opposing counsel, each partyshall either:

    (a) Assemble and return all material designated as protected third party information under this Protective Order, including all copies thereof, to the producing party and certify in writing that all such material has been returned; or

    (b) Certify in writing that all such material has been destroyed.

10. If any person breaches this stipulated Protective Order, any person may notice a hearing to the District Court requesting appropriate relief.

11. All parties to this Protective Order have participated in drafting the Order.

4

1  Dated: April 9, 2007 Respectfully submitted,

2  THE LAW OFFICES OF JOSEPH L.

3  ALIOTO & ANGELA ALIOTO

4  (As authorized on 4/9/07)

5  /s/ Steven L. Robinson

6  By: Steven L. Robinson

7  Attorneys for Plaintiffs

9  Dated: April 9, 2007 McGREGOR W. SCOTT

10 United States Attorney

11 By: /s/ Brian W. Enos

12 BRIAN W. ENOS

13 Assistant U.S. Attorney

14 Attorneys for Defendant

22 IT IS SO ORDERED.

23 **Dated:   May 2, 2007**                    /s/  **William M. Wunderlich**
                                    UNITED STATES MAGISTRATE JUDGE