ANGELA ALIOTO (SBN 130328)
STEVEN L. ROBINSON (SBN 116146)
LAW OFFICES OF JOSEPH L. ALIOTO
AND ANGELA ALIOTO
700 Montgomery Street
San Francisco, CA  94111
Telephone: (415) 434-8700
Facsimile: (415) 438-4638

Attorneys for Plaintiff Tyrone Watson

McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Defendant Henry M. Paulson, Secretary
of United States Department of Treasury

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KENNETH ROBINSON, et al., | ) | 1:05-cv-01258-LJO-GSA |
| | ) | |
| | ) | **STIPULATION TO EXTEND** |
| | ) | **LITIGATION SCHEDULE INCLUDING** |
| Plaintiffs, | ) | **TRIAL DATE; [PROPOSED] ORDER RE** |
| | ) | **SAME** |
| v. | ) | |
| | ) | |
| HENRY M. PAULSON, SECRETARY, | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| TREASURY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Tyrone Watson ("plaintiff") and defendant Henry M. Paulson ("defendant"), through their counsel of record in this action, stipulate as follows:

WHEREAS, this case originated as a multiple plaintiff case of employment discrimination which has since developed an immense documentary record.

WHEREAS, pursuant to two court rulings in November and December 2007, only plaintiff Tyrone Watson remains as a plaintiff.  For purposes of this stipulation, these rulings enabled the parties to identify remaining necessary discovery, as well as focus their subsequent discovery efforts on plaintiff Watson's remaining claims. (Doc. 78, Doc. 87) In fact, by January 4, 2008, the parties analyzed and conferred about the remaining necessary discovery regarding plaintiff Watson's claims and stipulated to modify upward the number of allowable depositions relating to these claims from ten to thirteen. (Doc. 91)  The Court endorsed this stipulation by way of formal order on January 8, 2008. (Doc. 92)

WHEREAS, through the parties' diligence and cooperation, all depositions of non-expert witnesses were taken and completed by February 2008.  The parties were able to complete this discovery, (1) despite facing a multitude of logistical challenges over the holiday season, (2) scheduling depositions of witnesses who reside out of state, (3) negotiating a case file including thousands of documents, as well as (4) defendant's (unexpectedly) needing two full days in January and February 2008 by which to complete plaintiff's deposition.

WHEREAS, in large part due to the above exigencies, this action's October 26, 2007 and January 17, 2008 scheduling orders collectively contain the following litigation deadlines relevant

2

to this stipulation: (1) dispositive motion filing deadline - February 15, 2008; (2) supplemental/rebuttal expert disclosure - March 11, 2008; (3) pretrial conference - March 17, 2008; (4) close of expert discovery - April 3, 2008; and (5) trial - April 29, 2008 (Docs. 74, 95).

WHEREAS, although no settlement conference is currently set in this action, the parties believe and agree, in light of having completed discovery, that it would be prudent to attempt to resolve this case in advance of trial through a settlement conference other dispute resolution process.  The parties anticipate agreeing to the logistics of this process within a week.  In order to maximize its productivity, the parties also stipulate and agree to participate in such a process in April 2008, and before dispositive motions are filed and after experts have been deposed.[1]

WHEREAS, the parties have diligently pursued discovery and cooperatively litigated this matter, both before and subsequent to the above court rulings.

WHEREAS, despite both parties' diligence and cooperation, brief extensions of this action's dispositive motion filing deadline, pretrial conference date and trial date are necessary. An extension of this action's dispositive motion deadline is necessary in order to enable the parties an opportunity to resolve this matter by way of a settlement conference or mediation absent the expense and time required of filing and

---

[1] To date, plaintiff disclosed an expert economist by his February 14, 2008 deadline.  Defendant will be disclosing a rebuttal economist by its disclosure deadline on March 11, 2008.

ruling on such motions. An extension of this action's pretrial conference is also independently necessary, because the parties' deadline by which to file timely joint pretrial statements precedes both the close of expert discovery, as well as defendant's rebuttal disclosure date.[2] As a result, these statements would have to be prepared absent the parties' ability to contemplate expert opinions, or their bases for the same. Finally, a brief (less than two months) extension of this action's trial date is necessary, so that the parties have sufficient time to prepare for trial in accordance with the Court's pretrial order that would be issued after the continued pretrial conference.

    WHEREAS, after discussing the above issues with plaintiff's counsel in detail, counsel for defendant contacted the Court's chambers about this issue last week, and asked whether the parties should address the above issues with the Court through a stipulation or a teleconference. Through this contact, the parties understand that they could address these issues with the Court through this stipulation so long as they based their requests on good cause. They also understand that they could pick a Monday in late June 2008 by which to agree to a continued trial date. Such a date is specified below.

    WHEREAS, in light of the ample good cause bases set forth above and as specifically detailed below, the parties request

---

[2] In addition, defendant's expert is unable to prepare his economist report early, in that plaintiff Watson's deposition was not completed until the first week of February and the second half of his deposition transcript (which heavily addressed damages issues) has not yet arrived from the court reporter.

4

that the dispositive motion filing deadline, pretrial conference and trial date each be briefly extended.

THEREFORE, the parties stipulate that it is in the best interest of all parties and in the interests of justice generally, that the following deadlines be extended as follows, and that the Court endorse this stipulation by way of formal order:

|  | Old Date | **New Date** (May differ from parties' stipulation) |
|---|---|---|
| Dispute Resolution Conf: | None Set | **April 2008** (to be agreed by the parties) |
| Dispositive Motion Filing Deadline: | February 15, 2008 | **April 18, 2008** |
| Pretrial Conference: | March 17, 2008 | **June 3, 2008** at 8:30am |
| Trial: | April 29, 2008 | **June 23, 2008** at 9:00am |

Respectfully submitted,

Dated: February 22, 2008          THE LAW OFFICES OF JOSEPH L.
                                  ALIOTO & ANGELA ALIOTO

                                  (As authorized 2/22/08)


                                      /s/ Steven L. Robinson
                                  By: Steven L. Robinson
                                      Attorneys for Plaintiff


Dated: February 22, 2008          McGREGOR W. SCOTT
                                  United States Attorney


                                  By:  /s/ Brian W. Enos

```
                                            BRIAN W. ENOS
                                            Assistant U.S. Attorney
                                            Attorneys for Defendant
```

ORDER

IT IS SO ORDERED.

**Dated:   February 25, 2008**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE